UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK H. POST,

                Petitioner,

v.

PATRICK GLEBE,

                Respondent.

CASE NO. C15-5364 BHS-KLS

ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING TO EXPAND RECORD AND FOR DISCOVERY

Petitioner Patrick H. Post moves for an evidentiary hearing to expand the record and for discovery in this habeas action. Dkt. 15. Under separate Report and Recommendation, the Court is recommending that his habeas petition be denied on the merits. For the reasons set forth herein, the Court denies the request for an evidentiary hearing and discovery.

**DISCUSSION**

In his habeas petition, Mr. Post raises three claims: (1) the prosecutor committed misconduct during closing argument by using a puzzle analogy along with a slide show of the Seattle skyline, and by telling the jury to use evidence of Mr. Post's prior convictions to convict him on the current charges; (2) his trial counsel was ineffective for not objecting to the prosecutor's argument; and (3) his appellate counsel was ineffective for not including the slides used by the prosecutor in the record on appeal. Dkt. 1 at 5-8.

ORDER - 1

**A.     Request to Expand Record**

Mr. Post seeks to expand the record in this proceeding to include his motion for discretionary review and appendices, the motion to enlarge time to file a motion for discretionary review, the Commissioner's ruling denying review, the motion to modify the Commissioner's ruling, and the prosecutor's slides used during closing argument.  Dkt. 15, at 1-2 and appendices.  However, these documents, including the slides, were filed in the Washington Supreme Court in Mr. Post's personal restraint petition proceedings.  Dkt. 19, Exhibit 10 (attached as Exhibit 3).  Thus, the documents are before this Court and there is no need to expand the record.

**B.     Evidentiary Hearing**

28 U.S.C. § 2254(e)(2) bars consideration of evidence to support a claim where the evidence was not developed in state court:

> (2)     If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>     (A)     the claim relies on—
>
>         (i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

28 U.S.C. § 2254(e)(2).

The statute applies to evidentiary hearings and motions to expand the record.  *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004); *Bradshaw v. Richey*, 546 U.S. 74, 79 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005).  "Because § 2254(e)(2) restricts a

ORDER - 2

petitioner's attempts to supplement the factual record, [petitioner] must satisfy that provision's requirements before he may place new factual information before the federal court." *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001).

Even if the statute does not bar a hearing, the decision to hold a hearing is still committed to the Court's discretion. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939-41 (2007). An evidentiary hearing is not required if the allegations would not entitle the petitioner to habeas corpus relief. *Id*. at 1939-40. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Mere speculation or unsupported allegations are not sufficient to warrant a hearing. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991). Rather, the petitioner bears the burden to produce competent evidence demonstrating the existence of a genuine question of material fact that must be resolved by an evidentiary hearing. *Id*.

Mr. Post does not identify what new evidence he would present in an evidentiary hearing nor does he demonstrate that he has satisfied the provisions of § 2254(e)(2). Rather, he contends he is entitled to an evidentiary hearing to "support issues that the Washington State Supreme Court found were not properly presented in state court in his pro se personal restraint petition." He claims that an evidentiary hearing is appropriate under *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) and *Detrich v. Ryan,* 740 F.3d 1237 (9th Cir. 2013), *cert. denied,* 134 S.Ct. 2662 (2014) because all of his claims are procedurally defaulted. However, his reliance on these cases is misplaced as Claims 1 and 2 were adjudicated on the merits in the Washington courts and the default rule of *Martinez* does not apply to Claim 3.

**1.  Claims 1 and 2**

The Washington appellate courts adjudicated Claims 1 and 2 on the merits. Dkt 19, Exhibits 2 and 12. Therefore, these are claims are not procedurally defaulted. *Martinez* does not

apply to claims that were not procedurally defaulted.  *Detrich v. Ryan,* 740 F.3d at 1246 ("*Martinez* does not apply to claims that were not procedurally defaulted, but were, rather, adjudicated on the merits in state court.  For procedurally defaulted claims, to which *Martinez* is applicable, the district court should allow discovery and hold an evidentiary hearing where appropriate to determine whether there was "cause" under *Martinez* for the state-court procedural default and to determine, if the default is excused, whether there has been trial-counsel [ineffective assistance of counsel].")

Mr. Post is not entitled to federal habeas relief on these claims unless he proves the state court adjudication of the claims was unreasonable.  In determining whether the state court adjudication was unreasonable, 28 U.S.C. § 2254(d) limits the court's factual scope of review to the evidence presented to the state courts.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  28 U.S.C. § 2254(d) bars an evidentiary hearing on Claims 1 and 2 until Mr. Post proves the state court adjudication was unreasonable.  *Sully v. Ayers*, 725 F.3d 1057, 1075-76 (9th Cir. 2013).

In a separate report and recommendation, the undersigned has determined that the state court decisions rejecting Claims 1 and 2 were not unreasonable and therefore, an evidentiary hearing on these two claims is not necessary.

**2.     Claim 3**

The Washington Supreme Court Commissioner declined to consider Claim 3 because Mr. Post raised it for the first time in his motion for discretionary review.  *Id.*, Exhibit 12 at 3.

As previously noted, Mr. Post did not raise a claim in his direct appeal based on his trial counsel's failure to object to the prosecutor's jigsaw puzzle analogy or use of the slide show.  In his personal restraint petition, Mr. Post raised ineffective assistance of trial and appellate counsel claims but they were based on counsel's failure to argue against the admission of Mr. Post's

1  prior convictions. *Id.*, Exhibit 6.  However, Mr. Post again chose not to include as a basis for the

2  ineffective assistance claims, his trial counsel's failure to object to the jigsaw analogy or his

3  appellate counsel's failure to supplement the record with the slides.  He included the claim

4  instead, for the first time, in his motion for discretionary review.  *Id.*, Exhibit 10.  The

5  Washington Supreme Court Commissioner declined to consider the claim consistent with

6  Washington law.  *Id.*, Exhibit 12 at 3 (citing *In re Pers. Restraint of Lord,* 152 Wn.2d at 188

7  n.5).

8      Mr. Post argues that he is entitled to an evidentiary hearing under *Martinez* and *Detrich*

9  because Claim 3 is procedurally defaulted.  *See Castille v. Peoples,* 489 U.S. 346, 351 (1989)

10 (where claim is presented for first and only time upon petition for discretionary review, claim is

11 not exhausted).  For procedurally defaulted claims to which *Martinez* is applicable, the district

12 court should allow discovery and hold an evidentiary hearing where appropriate to determine

13 whether there was "cause" under *Martinez* for the state-court procedural default and to

14 determine, if the default is excused, whether there has been ineffective assistance of counsel.

15 *Detrich,* 740 F.3d at 1246; *see also, Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014)

16 (federal court's determination of whether a habeas petitioner has demonstrated cause and

17 prejudice so as to bring his case within *Martinez's* judicially created exception to the judicially

18 created procedural bar is not the same as a hearing on a constitutional claim for habeas relief and

19 a district court may take evidence to the extent necessary to determine whether the petitioner's

20 claim of ineffective assistance of trial counsel is substantial under *Martinez*).

21     Respondent argues, however, that an evidentiary hearing is not required as he is not

22 asserting the defense of exhaustion or procedural default.  Dkt. 20 at 6.  In addition, because the

23 Washington courts did not reach the merits of Claim 3, this Court may hear the claim de novo.

24

*See, e.g., Pirtle v. Morgan,* 313 F.3d 1160 (9th Cir. 2002).  Thus, an evidentiary hearing to determine whether there was cause for the default is neither necessary nor required.

In Claim 3, Mr. Post argues that had his appellate counsel provided the prosecutor's jigsaw puzzle slides to the Washington Court of Appeals, it would have demonstrated how the prosecutor's argument was virtually identical to one previously found objectionable by the Washington Court of Appeals.  Dkt. 15 at 8.  As previously noted, the slides are part of the record before this Court and it has been considered in the Court's de novo review of Claim 3.  In a separate report and recommendation, this Court has found that Mr. Post has failed to demonstrate either deficient performance or prejudice owing to counsel's failure to designate the slideshow on appeal.

Accordingly, it is **ORDERED:**

(1)    Petitioner's motion for evidentiary hearing to expand the record and for discovery (Dkt. 15) is **DENIED.**

(2)    The Clerk shall send a copy of this Order to counsel for the parties.

DATED this 5th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6