UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK H. POST,

                Petitioner,

v.

PATRICK GLEBE,

                Respondent.

CASE NO. C15-5364BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 24), and Petitioner Patrick Post's ("Post") objections to the R&R (Dkt. 25).

On August 5, 2016, Judge Strombom issued the R&R recommending that the Court deny Post's petition on the merits as to all three claims and deny a certificate of appealability. Dkt. 24. On August 12, 2016, Post objected to the R&R as to the third claim for relief and the denial of a certificate of appealability. Dkt. 25. On August 15, 2016, Respondent filed a response to the objections. Dkt. 26.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In his third claim for relief, Post asserted that his appellate counsel was ineffective for failing to submit on direct appeal the state's closing argument slide presentation. Dkt. 1 at 8. Judge Strombom concluded, and Respondant does not contest, that the Court should review this claim *de novo* because the Washington Supreme Court did not reach the merits of this claim. Dkt. 24 at 14. The Court adopts the R&R on this issue and will review the merits *de novo*. *Pirtle v. Morgan*, 313 F.3d 1160 (9th Cir. 2002).

To show ineffective assistance of counsel, a petitioner must satisfy a two-part standard. First, the petitioner must show counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Second, the petitioner must show the deficient performance prejudiced the defense so "as to deprive the defendant of a fair trial, a trial whose result is unreasonable." *Id*. The petitioner must satisfy both prongs to prove his claim of ineffective assistance of counsel. *Id*. at 697.

Assuming for the purposes of this motion that failure to include the slides fell below an objective standard of effective representation, the Court will address the second prong of the *Strickland* standard. Under the second prong, the petitioner must prove prejudice from counsel's representation. It is not enough that counsel's errors had "some conceivable effect on the outcome." *Id*. at 693. Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

1       In this case, Post argues that submission of the slides would have resulted in a different outcome on direct appeal. The relevant facts are that (1) Post was convicted of first degree child rape and first degree child molestation of MAM, (2) the trial court admitted, over Post's objection, evidence of Post's earlier convictions for two counts of indecent liberties against his daughter, CH, and his daughter's friend, HF, and (3) during closing argument, the prosecutor used a slide show of a partially completed jigsaw puzzle and urged the jury to essentially fill in the missing pieces of the puzzle. The Washington Court of Appeals found and concluded, in relevant part, as follows:

> We analyze whether the State's use of a jigsaw puzzle analogy at closing constituted misconduct on a case-by-case basis, considering the context of the argument as a whole. *State v. Fuller*, 169 Wn.App. 797, 825, 282 P.3d 126 (2012). In *State v. Johnson*, 158 Wn.App. 677, 682, 243 P.3d 936 (2010), for example, the prosecutor stated at closing:
>
>> I like to look at abiding belief and use a puzzle to analogize that. You start putting together a puzzle and putting together a few pieces, and you get one part solved. So with this one piece, you probably recognize there's a freeway sign. You can see I–5. You can see the word "Portland" from looking in the background. You may or may not be able to see which city that is, but it is probably near one that is on the I–5 corridor.
>> You add another piece of the puzzle, and suddenly you have a narrower view. It has to be a city that has Mount Rainier in the background. You can see it. It can still be Seattle or Tacoma, or if you weren't familiar, you might think that mountain might be Mt. Hood, and it could be Portland.
>> You add a third piece of the puzzle, and at this point even being able to see only half, you can be assured beyond a reasonable doubt that this is going to be a picture of Tacoma.
>
> We held that the prosecutor's jigsaw analogy in *Johnson*, 158 Wn.App. at 685, was improper because it "trivialized the State's burden, focused on the degree of certainty the jurors needed to act, and implied that the jury had a duty to convict without a reason not to do so." We further

ORDER - 3

1 held in *Johnson*, 158 Wn.App. at 682, 685, that the prosecutor's improper
jigsaw analogy, when coupled with other instances of misconduct including
2 asserting an improper "fill[-]in[-]the[-]blank" argument at closing, was so
flagrant and ill intentioned that it evinced an enduring and resulting
3 prejudice incurable by a jury instruction. Accordingly, we reversed and
remanded Johnson's convictions for a new trial. *Johnson*, 158 Wn.App. at
4 686.

5 However, we have held jigsaw puzzle analogies to be proper in other
cases. For example, in *Fuller*, 169 Wn.App. at 827, we held the following
argument employing the jigsaw puzzle analogy to be proper:

6

7 What I am going to do now is use a jigsaw puzzle to
illustrate the concept of beyond a reasonable doubt . . . . We
get a few of the pieces of the puzzle . . . . [W]e might think it
8 looks like Tacoma, but we don't know—

. . . .
9 [W]e do not have enough pieces or enough evidence
beyond a reasonable doubt that it's [a picture] of Tacoma. But
10 let's say we get some more pieces . . . . But we may not yet
have enough pieces, enough evidence to know beyond a
11 reasonable doubt that it's Tacoma.

Now, we have more pieces. We have more evidence
12 and we can see beyond a reasonable doubt that this is a
picture of Tacoma . . . .
13 A trial is very much like a jigsaw puzzle. It's not like a
mystery novel or CSI or a movie. You're not going to have
14 every loose end tied up and every question answer[ed]. What
matters is this: Do you have enough pieces of the puzzle? Do
15 you have enough evidence to believe beyond a reasonable
doubt that the defendant is guilty?

16

In holding that the State's use of the puzzle analogy was not
17 improper in *Fuller*, we noted that, unlike in *Johnson*, the State's puzzle
analogy "neither equated its burden of proof to making an everyday choice
18 nor quantified the level of certainty necessary to satisfy the beyond a
reasonable doubt standard." *Fuller*, 169 Wn.App. at 827.
19 Here, the analogy to a jigsaw puzzle in the State's closing argument
is strikingly similar to the argument we approved in *Fuller*, as it does not
20 quantify the level of certainty required by the jury to satisfy the State's
burden of proof. *See Fuller*, 169 Wn.App. at 826–27; *see also State v.*
21 *Curtis*, 161 Wn.App. 673, 700–01, 250 P.3d 496 (2011) (State's puzzle
analogy did not quantify the level of certainty required to satisfy the beyond
22 a reasonable doubt standard and did not minimize nor shift the State's

1   burden of proof). Accordingly, we hold that the State's use of the puzzle
    analogy at closing did not constitute misconduct.
2           Post also noted that the prosecutor emphasized the significance of
    the 1987 convictions in the following excerpt from closing argument:
3
                I submit to you that there would be a tough task at
4       hand for you during your deliberation processes if this was
        simply a situation where [MAM] was saying to all of you, to
5       14 of you as she's said to others, the defendant touched her
        privates and licked her privates, and that disclosure exists in a
6       vacuum. The difference in this case, ladies and gentlemen,
        [MAM's] not alone, she's not standing alone. [CH] who was
7       12 years old in 1984 and '85 is standing right there with her.
        [HF] who was 11 years old is standing right there with her.
8       And they're saying to [MAM] and they're saying to you in
        the words that will come off the paper of Judge Swayze when
9       he presided over that trial in 1986. The defendant did this to
        [MAM], right there and then you have [CH] and [HF] telling
10      you, because he did it to us too.

11  RP at 625–26.
            Since the evidence of the 1986 acts was properly admitted, the
12  prosecutor had every right to emphasize their significance in closing
    argument. With the last sentence of this excerpt, though, the prosecutor
13  came very close to urging the jury to view the 1986 acts as evidence that
    Post had a continuing propensity to carry out these acts, a purpose beyond
14  the pale of ER 404(b). We need not decide whether that line was crossed,
    though, because Post neither objected to the remark at trial nor requested a
15  curative jury instruction. Thus, under *Stenson*, 132 Wn.2d at 719, the test
    for misconduct is not met, even if the remark itself may be improper.
16
*State v. Post*, 175 Wn. App. 1050 (2013), 2013 WL 3874544 at *6–7.
17
        Post contends that submission of the slides would have tipped the scale of
18
improper comments in favor of reversal.  Specifically, he contends that "[b]y viewing the
19
slides with the oral argument it would have been clear that the State trivialized the burden
20
of proof in two ways." Dkt. 25 at 7.  Post argues that the extent of the completed puzzle,
21
in this case 50%, and the iconic nature of the image, the Seattle skyline as opposed to the
22

ORDER - 5

1  rural city of Omak, trivialized the state's burden of proof beyond a reasonable doubt.
2  While Post's arguments are meritorious and it would be interesting to see how the state
3  court would have addressed them, Post fails to show a reasonable probability that
4  submission of the slides alone would transform the case into a *Johnson* case instead of a
5  *Fuller* case.  It is clear that the state court focuses on the prosecutor's closing argument
6  and not the actual slides.  *Post*, 2013 WL 3874544 at *7 ("the analogy to a jigsaw puzzle
7  in the State's closing argument is strikingly similar to the argument we approved in
8  *Fuller*, as it does not quantify the level of certainty required by the jury to satisfy the
9  State's burden of proof.").  Thus, there is no reasonable probability that the state court
10 would essentially create new rules of law based on the content of the slides, at least when
11 the slides are similar to those reviewed in previous cases.  Of course, the situation may be
12 different if the state showed one piece of a puzzle with an extremely iconic image, such
13 as the Mona Lisa's eyes, and asked the jury to solve the problem with no other evidence.
14 However, until the state courts pass upon that particular issue, this Court is unable to
15 predict or conclude the result of this hypothetical.
16         With regard to the Certificate of Appealability, Post argues that "[r]easonable
17 minds could differ on the question of whether the Washington State Court of Appeals'
18 decision was an unreasonable application of the facts."  Dkt. 25 at 6.  The Court disagrees
19 as to all three claims.  With regard to the prosecutorial misconduct claim, Post fails to
20 show that the state court decision violated any establish Supreme Court precedent.
21 Moreover, the curative instructions undermine the claim that the comments so infected
22 the trial such that the conviction is denial of due process.

1     With regard to the ineffective assistance of trial counsel claim, it is not debatable among jurists that Post is entitled to relief under the double deference standard of review.

    With regard to the ineffective assistance of appellate counsel claim, it is not debatable among jurists that submission of the slides would have resulted in a successful appeal.

    Therefore, the Court having considered the R&R, Post's objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED**;

(2)    Post's petition is **DENIED** on the merits;

(3)    A certificate of appealability is **DENIED**; and

(4)    The Clerk shall close this case.

Dated this 26th day of September, 2016.

*[signature]*

BENJAMIN H. SETTLE  
United States District Judge